IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Bernard Curry, #186737, | ) | C/A No.: 0:14-2266-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Douglas A. Barfield Jr., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff James Bernard Curry, proceeding pro se and in forma pauperis, is an inmate incarcerated at Lee Correctional Institution ("LCI") in the custody of the South Carolina Department of Corrections ("SCDC"). Plaintiff brings this action against Douglas A. Barfield Jr. ("Defendant"), alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Defendant is the Sixth Circuit solicitor in Chester, South Carolina. [Entry #1 at 2]. Plaintiff alleges Defendant violated his right to a fair trial by preparing and notarizing the affidavit of Great Falls Police Chief J.M. Revels, which Plaintiff alleges contained false information. *Id.* Plaintiff alleges Revels' affidavit caused Plaintiff to be arrested without probable cause and ultimately wrongfully convicted of burglary 1st degree, armed

robbery, kidnapping, and assault and battery of a high an aggravated nature. *Id.* Plaintiff

seeks monetary damages and injunctive relief. *Id.* at 3.

II.    Discussion

   A.    Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an

indigent litigant to commence an action in federal court without prepaying the

administrative costs of proceeding with the lawsuit. To protect against possible abuses of

this privilege, the statute allows a district court to dismiss the case upon a finding that the

action fails to state a claim on which relief may be granted or is frivolous or malicious.

28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint

lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31

(1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28

U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by

attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is

charged with liberally construing a complaint filed by a pro se litigant to allow the

development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94

(2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations

are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The

mandated liberal construction afforded to pro se pleadings means that if the court can

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it

should do so. Nevertheless, the requirement of liberal construction does not mean that the

court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

      B.      Analysis

      Plaintiff sues Defendant for preparing and notarizing J.M. Revels' affidavit that was allegedly utilized in his arrest and criminal trial. [Entry #1 at 2]. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pre-trial motions hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000) (finding that prosecutors enjoy absolute immunity for prosecutorial functions "intimately associated with the judicial phase of the criminal process"). Because preparing Revels' affidavit is an action associated with the prosecution of Plaintiff's state criminal charges, Plaintiff's claims are barred by prosecutorial immunity.[1] The undersigned recommends Plaintiff's complaint be summarily dismissed.

III.     Conclusion and Recommendation

      For the foregoing reasons, the undersigned recommends that this case be dismissed without prejudice and without issuance and service of process.

---

[1] Plaintiff has also failed to offer any legal theory to support holding a notary liable for what is contained in an affidavit.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

June 19, 2014                                    Shiva V. Hodges
Columbia, South Carolina                United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).